UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARRY LEE GOLDSBORO, II,

    Petitioner,

v.                                                                                    Case No: 6:25-cv-988-JSS-NWH

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## **ORDER**

Petitioner Harry Lee Goldsboro, II, proceeding pro se, is a state prisoner in the custody of the Florida Department of Corrections. (Dkt. 1 at 1.) Petitioner initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (*See id. passim*.) Petitioner challenges his state convictions for false imprisonment, indecent exposure, and a technical violation of probation. (*Id.* at 1.)

Upon review, the court takes judicial notice of another habeas action filed by Petitioner in this court in which he challenges the same convictions: *Goldsboro v. Secretary, Department of Corrections*, No. 6:24-cv-01878-CEM-LHP (M.D. Fla. Dec. 9, 2024) (Dkt. 8 at 2). *See* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *In re Delta Res., Inc.*, 54 F.3d 722, 726 (11th Cir. 1995) ("[T]his [c]ourt may take judicial notice of another court's order for the limited purpose of recognizing the 'judicial act'

that the order represents or the subject matter of the litigation and related filings." (alteration adopted and quotation omitted)). That case remains pending at the time of this order.

"Plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Vanover v. NCO Fins. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (alteration adopted and quotation omitted). "[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Id.* (quotation omitted). The doctrine, which is called "claim splitting," applies where "a plaintiff maintain[s] two separate causes of action involving the same subject matter, at the same time, in the same court, against the same defendant." *Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (citing *Vanover*, 857 F.3d at 840–42)). Because Petitioner challenges the same convictions in this case and in case number 6:24-cv-01878-CEM-LHP, the instant petition must be dismissed.

Accordingly:

1. This case is **DISMISSED without prejudice** to Petitioner's right to litigate this matter in the earlier-filed case, case number 6:24-cv-01878-CEM-LHP.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on June 20, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party